<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **THOMAS J. NOLAN,** | |
| Plaintiff, | Civil Action No. 14-7257 (ES) |
| v. | **MEMORANDUM OPINION & ORDER** |
| **THE HOME DEPOT INC.,** | |
| Defendant. | |

**SALAS, DISTRICT JUDGE**

## I.   INTRODUCTION

Pending before the Court is Defendant The Home Depot Inc.'s ("Home Depot") Motion to Dismiss Counts One and Three of Pro-Se Plaintiff Thomas J. Nolan's Complaint on the grounds that they are time-barred, pursuant to Federal Rule of Civil Procedure 12(b)(6).  (*See* D.E. No. 5). The Court decides the motion without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons below, the Court grants the motion and dismisses Counts One and Three of Plaintiff's Complaint *with prejudice*.

## II.   FACTUAL & PROCEDURAL BACKGROUND

This action arises out of Mr. Nolan's employment as Department Supervisor at the Home Depot store located in South Plainfield, New Jersey.  (D.E. No. 1 at 9–13, Ex. A to Notice of Removal, Complaint ("Compl.") ¶ 1).  Mr. Nolan alleges that he was subjected to discrimination and wrongfully terminated on February 21, 2012 by Home Depot because of his age and race, in violation of the New Jersey Law Against Discrimination, *N.J.S.A.* 10:5-1, *et seq.* ("NJLAD").

(Compl. at 2, Counts One and Three).  Mr. Nolan additionally alleges that Home Depot store management violated "policies and procedures" when it failed to provide first aid after "total body exposure to contaminated septic water," engaged in "[u]nsafe use of extension cords and electrical devices," and failed to "purge the sprinkler system of contaminants."   (*Id.*, Count Two).

Mr. Nolan initiated this lawsuit by filing his three-count Complaint with the Superior Court of New Jersey, Law Division, Middlesex County (the "Superior Court").  (*See* Compl.).  The Complaint was received and filed by the Superior Court clerk on February 24, 2014.  (*See* D.E. No. 5-2 at 4, Ex. A to the Affidavit of Patrick G. Brady ("Brady Aff."), Superior Court docket sheet dated December 15, 2014 ("Superior Court Docket Sheet")).

By Order dated September 12, 2014, the Superior Court *sua sponte* dismissed Plaintiff's Complaint for failure to prosecute pursuant to Rule 1:13-7 of the Rules Governing the Courts of New Jersey due to Plaintiff's lack of service on Home Depot.  (*See* D.E. No. 1 at 15, Ex. B to Notice of Removal, Superior Court case detail dated September 22, 2014; *see also* Superior Court Docket Sheet).  However, on October 24, 2014, the Superior Court reinstated Plaintiff's Complaint in response to a subsequent motion filed by Mr. Nolan.  (*See* Superior Court Docket Sheet).   On November 20, 2014, Home Depot removed the matter to this Court on the basis of diversity jurisdiction.  (*See* D.E. No. 1, Notice of Removal).

On December 15, 2014, Home Depot filed the instant motion to dismiss.  (*See* D.E. No. 5-1, Memorandum of Law in Support of Defendant Home Depot U.S.A., Inc.'s Rule 12(b)(6) Motion to Dismiss Counts One and Three of Plaintiff's Complaint with Prejudice ("Def. Mov. Br.")). Home Depot argues that the two-year statute of limitations governing the NJLAD claims set forth in Counts One and Three expired on February 21, 2014—three days prior to the date Mr. Nolan's

Complaint was filed in Superior Court. (*See* Def. Mov. Br. at 4–5).  On January 20, 2015, Mr. Nolan filed opposition, in which he concedes that his claims under the NJLAD were subject to a two-year statute of limitations that expired on February 21, 2014 and that his Complaint was not received and filed by the Clerk of the Superior Court until February 24, 2014.  (D.E. No. 6, Answer to Defendant's Motion to Dismiss ("Pl. Opp. Br.") at 1).  But Mr. Nolan argues that Counts One and Three "must be allowed to continue in all fairness of the law" because he placed the Complaint "in the care and wellbeing of the USPS" on February 20, 2014 for "guaranteed delivery" by noon on February 21, 2014, and that "[s]omewhere along the line the delivery and receiving process broke down" which "caused a delayed filing" of February 24, 2014.  (*Id.* at 1, 2).  In other words, Mr. Nolan argues that the delay "was beyond [his] control" and that the failure to file the Complaint within the two-year statute of limitations should be excused.  (*Id.*).  Home Depot replied on January 26, 2015, arguing that the fact that Mr. Nolan placed his Complaint in an overnight mail envelope the day before the limitations period expired does not, as a matter of law, resuscitate the time-barred claims.  (D.E. No. 8, Reply Brief in Further Support of Defendant Home Depot U.S.A., Inc.'s Rule 12(b)(6) Motion to Dismiss Counts One and Three of Plaintiff's Complaint with Prejudice ("Def. Reply Br.") at 4–9).  The motion is now ripe for adjudication.

### III.  STANDARD OF REVIEW

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"When reviewing a motion to dismiss, '[a]ll allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn therefrom.'" *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Kulwicki v. Dawson*, 969 F.2d 1454, 1462 (3d Cir. 1992)). But "a court need not credit a plaintiff's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (citation omitted).

The Third Circuit Court of Appeals has permitted consideration of whether a claim is barred by the statute of limitations in the context of a motion to dismiss where the viability of such defense may be discerned from the complaint itself, *i.e.*, where the facts as pled demonstrate the untimeliness of the claim. *See Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384, n.1 (3d Cir. 1994).

"In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010); *see also Dashner v. Riedy*, 197 Fed. App'x. 127, 131–32 (3d Cir. 2006) (acknowledging that a court docket is a public record). "If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). "All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* Generally, a court should give notice of its intent to convert a defendant's motion to dismiss into a

motion for summary judgment so that the plaintiff is not subjected to "summary judgment by ambush." *In re Bayside Prison Litig.*, 190 F. Supp. 2d 755, 760 (D.N.J. 2002).

Even though Mr. Nolan included documents outside of the pleadings in opposing the motion to dismiss, (*see* Pl. Opp. Br. at 5–11), because Plaintiff concedes that his Complaint was not received until February 24, 2014, there are no questions of fact to be resolved. The Court decides the motion without reference to the documents provided by Plaintiff and need not convert the instant motion into one for summary judgment. *Cf. Avila v. Aramark Corp.*, No. 10-326, 2011 WL 124643, at *1 (D.N.J. Jan. 14, 2011) (converting a factually similar motion to dismiss into one for summary judgment "[b]ecause [p]laintiff's defense to the Motion to Dismiss involved questions of fact").

### IV.  DISCUSSION

Mr. Nolan alleges that he was subjected to discrimination and wrongfully terminated on February 21, 2012 by Home Depot because of his age and race, in violation of the NJLAD. (Compl. at 2, Counts One and Three). Claims under the NJLAD are subject to a two-year statute of limitations, *Montells v. Haynes*, 133 N.J. 282, 286 (1993), which expired in this case on February 21, 2014. *See Monkelis v. Mobay Chem.*, 827 F.2d 937, 938 (3d Cir. 1987) (holding that the statute of limitations expires on the anniversary date of the event).

Under New Jersey law, a claim is properly brought when it is filed with the appropriate clerk of the court. *Poetz v. Mix*, 7 N.J. 436, 442 (1951) ("[A] paper or pleading is considered as filed when delivered to the proper custodian and received by him to be kept on file."). Specifically, "[c]ivil actions in the Law Division, are commenced by filing the original complaint with the deputy clerk of the Superior Court in the county of venue. R. 1:5–6(b)(1)." *MacDonald v. Giovine*,

Civ. No. A–4696–04T2, 2006 WL 1549763, at *2 (N.J. Super. Ct. App. Div. June 8, 2006). Significantly, "unlike service, which is complete upon mailing, filing can only be effected by the receipt of the filed paper by the designated office." *Id.* (citation omitted).

Here, Mr. Nolan concedes that the Complaint was not received and filed by the Clerk of the Superior Court until February 24, 2014—three days after the statute of limitations for Counts One and Three of Plaintiff's Complaint expired on February 21, 2014. (Pl. Opp. Br. at 1). As noted above, Plaintiff contends that the missed deadline should be excused because he placed the Complaint "in the care and wellbeing of the USPS" on February 20, 2014 for "guaranteed delivery" by noon on February 21, 2014, but that "[s]omewhere along the line the delivery and receiving process broke down" which "caused a delayed filing" of February 24, 2014. (*Id.* at 1, 2). Home Depot argues that Counts One and Three are therefore time-barred as a matter of law. (Def. Reply Br. at 4–9).

"[T]he general rule is that the mere mailing of the complaint before the expiration of the limitations period fails to satisfy the requirement that the complaint be timely filed." *Hunt v. Chase*, No. 09-531, 2010 WL 235118, at *4 (W.D. Pa. Jan. 15, 2010). New Jersey law permits relief from the statute of limitations based on "substantial compliance,"[1] but "both New Jersey and federal courts have explained that the test is a stringent one, to be applied sparingly in only the most extreme or inequitable circumstances." *Wimbush v. Jenkins*, No. 13-4654, 2014 WL 1607354, at *6 (D.N.J. Apr. 22, 2014) (listing cases).

---

[1] *See Negron v. Llarena*, 156 N.J. 296, 305 (1998) (setting forth several factors a court should consider when determining whether a claim is time-barred: (i) lack of prejudice to the defendant(s); (ii) a series of steps taken by the plaintiff to comply with the statute of limitations; (iii) the plaintiff's general compliance with the purpose of the statute; (iv) reasonable notice of the plaintiff's claim; and (v) a reasonable explanation of why there was not strict compliance with the statute).

6

To be sure, the court in *Wimbush* reviewed facts substantially similar to those before this Court and found that substantial compliance did not save a plaintiff's complaint that was filed one day past the statute of limitations:

> In choosing to place the Complaint in the mail for filing only three days before the expiration of the statute of limitations, [p]laintiff's counsel failed to exercise the level of diligence that is required to demonstrate substantial compliance under New Jersey law. . . . [I]n order to substantially comply with the statute of limitations, Plaintiff's counsel should have attempted to file the Complaint in person or, at a minimum, arrange for an overnight courier.

*Id.* at *7 (internal citations omitted); *see also Hunt v. Chase*, No. 09-531, 2010 WL 235118, at *4 (W.D. Pa. Jan. 15, 2010) ("[E]ven though [plaintiff's complaint] was supposed to arrive by noon on April 30, 2009 [the date the statute of limitations ran,] Plaintiff bore the risk that it would not arrive at the scheduled time; the court notes that plaintiff did not argue that he was prevented from filing his complaint at an earlier time.").

For the same reasons, substantial compliance does not save Counts One and Three of Mr. Nolan's Complaint from the two-year statute of limitations. Mr. Nolan does not suggest that he was prevented from filing his complaint at an earlier time, and so he himself bore the risk that his Complaint would not arrive as scheduled when he mailed it from Buffalo, New York to New Brunswick, New Jersey, the day before the statute of limitations expired. Even if Plaintiff reasonably assumed that his Complaint would be delivered on time as suggested by the United States Postal Service, "had Plaintiff contacted the court to confirm receipt, he would have discovered that the court could not, in fact, confirm the delivery of the Complaint and Plaintiff would have had time to hand-deliver or otherwise ensure the timely filing of his own pleading." *Avila v. Aramark Corp.*, No. 10-0326, 2011 WL 124643, at *4 (D.N.J. Jan. 14, 2011). Finally,

7

although the Court must liberally construe the filings of a pro-se plaintiff,[2] the United States Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without legal counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

The Court has reviewed the submissions of the parties in conjunction with this motion, and for the reasons stated above,

**IT IS** on this 1st day of September 2015,

**ORDERED** that Defendant's Motion to Dismiss, (D.E. No. 5), is granted; and it is further

**ORDERED** that Counts One and Three of Plaintiff's Complaint are dismissed *with prejudice*.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**

---

[2] *See Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003).